573 So.2d 17 (1990)
T. Dwight BARRON, Petitioner,
v.
Scott E. CRENSHAW and Barbara L. Crenshaw, Etc., Respondents.
No. 90-1610.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
Rehearing Denied January 22, 1991.
Alan J. Landerman and H. Joseph McGuire of Parker, Johnson, Owens, McGuire, Michaud & Hadley, P.A., Orlando, for petitioner.
Joseph H. Williams of Troutman, Williams, Irvin & Green, P.A., Winter Park, for respondents.
PETERSON, Judge.
The narrow issue presented in this petition for writ of certiorari is the precise calculation of the ninety-day time period within which a prospective defendant or insurer may respond to a notice of claim for medical malpractice under section 766.106, Florida Statutes (1987). T. Dwight Barron seeks a writ of certiorari or prohibition directed to the trial court's denial of his motion to dismiss respondents' complaint for medical malpractice. We have jurisdiction pursuant to rule *18 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure, since the non-final order determined that Barron was not entitled to arbitration under section 766.106(3)(b)(3), Florida Statutes. We treat the petition as an appeal under the rule and reverse the trial court's denial of the motion to dismiss.
The Crenshaws mailed their notice of claim on December 12, 1989, and it was received by Barron the following day. On March 13, 1990, Barron mailed by certified mail, return receipt requested, a response as required by section 766.106(3)(b) and (c) in which was included an offer of admission of liability and a request for arbitration on the issue of damages. The response was also faxed to and received by the respondents on March 13, 1990. The mailed response was received by the respondents on the following March 15. The Crenshaws ignored the response and filed a complaint in the circuit court on March 20, 1989. Barron then filed motions to dismiss and to strike the complaint and for sanctions. The motion to strike was directed to paragraph three of the complaint that referred to the petitioner's response admitting liability and requesting arbitration; a copy of the response was attached as an exhibit to the complaint. It is the order denying petitioner's motions that prompted him to apply for certiorari or prohibition.
The narrow issue before the court has not been the subject of a previous reported case, and there is no doubt that section 766.106 gives mixed signals as to the precise calculation of time periods contemplated by the legislative drafters. For example:
(1) Section 766.106(3)(a) provides that no suit may be filed for a period of ninety days after notice of the claim is mailed and that during the 90-day period the prospective defendant's insurer or self-insurer shall conduct a review to determine liability.
(2) Section 766.106(3)(b) requires that at or before the end of the ninety days the insurer or self-insurer shall provide the claimant with a response to the notice of claim.
(3) Section 766.106(3)(c) requires the prospective defendant or insurer or self-insurer to reply by certified mail to the notice within ninety days after receipt of the notice of claim.
Thus, under paragraph (a), the statute appears to prescribe ninety days from the date of mailing of the notice of claim to conduct an investigation, some of which time will not be available for investigation while the notice is in transit. It also provides in paragraph (c), however, that a prospective defendant or insurer shall reply by certified mail to the claimant with a response within ninety days after receipt of the notice.
Respondents argue that, even assuming paragraph (c) controls, the response by the insurer, or defendant, must be received by a claimant within ninety days after the notice of claim is received by the prospective insurer or defendant. However, if that were the rule, it would be impossible to calculate the day upon which the response must be mailed by certified mail in order to reach the claimant within ninety days after receipt by the prospective defendant. While our mail system is generally reliable, there is no certain way of calculating the time that will expire between the mailing and the delivery of a response; it is an unascertainable variable. This variable becomes immaterial, as it must be, only if the ninety-day period for replying to a claim or providing a response is calculated from the date of receipt of a claim (as shown by the return receipt) to the postmark date of the response. Both of these dates are independently ascertainable by all of the parties. We, therefore, interpret the words "provide" in paragraph (b) and "reply" in paragraph (c) to mean the date of mailing by certified mail, and that the ninety-day period within which the response to a notice of claim is to be made under section 766.106 begins on the day after a notice of claim is received. In other words, the day of receipt shall not be included in the computation of the ninety days, and the last day shall be included unless it is a Saturday, a Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is *19 neither a Saturday, a Sunday, or a legal holiday.
The petitioner made the argument that rule 1.090(a) and (e), Florida Rules of Civil Procedure, should be applicable to the computation of time under section 766.106, but we reject that suggestion. Rule 1.090(e) allows the addition of five days to a prescribed period of time that begins when a "notice" or "paper" is served by mail. Rule 1.080(b) prescribes that service is complete upon mailing. The ninety-day period for mailing a response under section 766.106(3)(c) does not begin until after receipt of the notice of claim. Therefore, the extra five days allowed for transit time are not required.
The trial court should have granted Barron's motion to dismiss, and we reverse the order of denial.
REVERSED.
COWART and HARRIS, JJ., concur.