ANSTEAD, Judge.
James Curtis Boyd was the plaintiff in a medical malpractice action. The trial court dismissed the action upon concluding that Boyd’s claim was untimely filed. We affirm on all points.
*1372 FACTS
The facts pertinent to the dismissal are not in dispute. On June 3, 1988, Ferdinand F. Becker, a physician, performed a surgical procedure on Boyd. The subsequent medical malpractice suit was based on a scar resulting from the operation. On June 4, 1990, the two year statutory limitation for medical malpractice action expired. However, on that date, Boyd timely requested and received a ninety day extension of the limitation period per section 766.104(2), Florida Statutes (1989).[1] On August 30, 1990, Boyd mailed a notice of intent to initiate litigation pursuant to section 766.104, which was apparently received by the doctor on September 3, 1990. This resulted in an additional automatic ninety day toll of the statute of limitations per section 766.106(4). There was no response from the doctor. On February 1, 1991, Boyd filed his complaint.
There is no dispute between the parties that Boyd was entitled under the provisions of Chapter 766 to the benefit of two successive ninety day periods of extension within which to file his action and an additional sixty days at the end of the second extension. At issue is the date that the final sixty day extension period began.
LAW
Section 766.106(4), states:
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
(Emphasis added). See also Rhoades v. Southwest Florida Regional Medical Center, 554 So.2d 1188 (Fla. 2d DCA 1989). In this case the sixty days is the longer period contemplated by the statute, since no time remained under the two year limitation period for filing suit. Both parties agree that the notice provided the doctor ninety days to reply and that the doctor’s failure to respond after the ninety days constituted a rejection of the claim, and triggered the final sixty day extension for Boyd to file a complaint. The parties differ, however, as to the basis for measuring the preceding ninety days.
According to Boyd, the ninety day pre-suit period should be computed based on section 766.106(3)(c) which states:
(c) The response shall be delivered to the claimant if not represented by counsel or to the claimant’s attorney, by certified mail, return receipt requested. Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for purposes of this section.
(Emphasis added). This section explicitly provides that the doctor has ninety days after his receipt of the notice of intent in which to reply. The date of receipt would have been September 3, 1990, at the earliest, according to proof submitted by Boyd.[2] Under this view the ninety period would have expired on December 3, 1990. The sixty day period, measured from December 3rd would end on February 1, 1991. Accordingly, Boyd’s filing on February 1, 1991 would have been timely.
However, according to the doctor, the ninety day presuit period, should be measured based upon the provisions of section 766.106(3)(a), which provides in part:
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant. During the 90-day .period, the prospective defendant’s insurer or self-insurer shall conduct a *1373 review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period.
(Emphasis added). This section appears to provide for a ninety day tolling period measured by the mailing of the notice of intent. Under this view, the implicit rejection would occur on November 28, 1990, ninety days after Boyd’s mailing of the notice of intent. The sixty day time limit for Boyd to file, then, would end on January 28, 1991. Consequently, Boyd’s February 1, 1991, filing would be untimely.
Consistent with this interpretation is Florida Rule of Civil Procedure 1.650, the Medical Malpractice Presuit Screening Rule, which provides in part:
(d) Time Requirements.
* * * * * *
(2) The action may not be filed against any defendant until 90 days after the Notice of Intent to Initiate Litigation was mailed to that party....
(3) To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the Notice of Intent to Initiate Litigation was mailed, whichever is longer, after the earliest of the following:
(A) The expiration of 90 days after the date of mailing of the Notice of Intent to Initiate Litigation....
(Emphasis added). Under these provisions the ninety day tolling of the limitations period occurs from the date the notice of intent was mailed.
The only case cited which has discussed this issue is Barron v. Crenhaw, 573 So.2d 17 (Fla. 5th DCA 1990). In that case, realizing the potential ambiguities between section 766.106(3)(a) (“mailed”), and (c) (“receipt”), the Fifth District stated:
[T]hat the ninety-day period within which the response to a notice of claim is to be made under section 766.106 begins on the day after a notice of claim is received.
Id. at 18 (emphasis added). This construction adopts 766.106(3)(c) as the trigger in which the ninety day clock begins. The logic of this view is predicated on the fact that section 766.106(3)(c) states specifically and explicitly that a non-response by defendant within ninety days of receipt of the notice of claim, constitutes a rejection by defendant. It is the “rejection” by the defendant that triggers the final sixty day period.
Under this construction, since the statute requires the notice to be mailed by certified mail “return receipt requested,” the date of receipt can easily be determined, and the defendant receives the benefit of a full ninety day period in which to investigate and decide how to respond. However, this construction may actually result in a tolling for a longer period than ninety days, since a number of days will usually pass before a mailed notice is received. This period will vary in each case.
Both of the constructions argued by the parties find support in the statutory provisions set out above. These statutory provisions are obviously at odds and require clarification. We are concerned that the mixed signals will result in important filing deadlines being missed, just as has occurred here.
While we are attracted to the logic of the interpretation of these provisions set out in Barron, we are bound by our supreme court’s interpretation of these provisions contained in rule 1.650, which supports the trial court’s ruling. Because it is within the legislature’s prerogative to establish limitation periods, we would ordinarily be bound to follow legislative intent as we perceive it from the statutory provisions discussed above. However, here our supreme court has obviously construed these same statutory provisions in enacting rule 1.650. We must follow that construction even though our interpretation conflicts with that set out in Barron.
Accordingly, we affirm the decision of the trial court.
HERSEY, J., and ALDERMAN, JAMES E., Senior Justice, concur.

. The request for extension would normally have been due by June 3, 1990, two years after the alleged malpractice. However, June 3rd was on a Sunday, whereby June 4th became the relevant date for section 766.104(2).

. The basis for September 3, 1990 as the date of earliest possible receipt is a postal trace. The doctor does not challenge this proof, but rather relies on his legal argument as to the controlling provisions of the statute for computing time.