609 So.2d 140 (1992)
Elliot ZACKER and Karen Zacker, his wife, Appellants,
v.
Steven CROFT, M.D. and Steven Croft, M.D., P.A., Appellees.
No. 92-0346.
District Court of Appeal of Florida, Fourth District.
December 2, 1992.
Rehearing Denied January 11, 1993.
Paul Jacobs of Weiss, Jacobs & Straus, P.A., Boca Raton, for appellants.
Jeffrey Fulford and W. Lee King of Bobo, Spicer, Ciotoli, Fulford & Bocchino, P.A., West Palm Beach, for appellees.
DELL, Judge.
The trial court, in a medical malpractice action, concluded appellants failed to comply with section 766.106, Florida Statutes (1988), and entered a summary final judgment in favor of appellees.
On August 12, 1988, appellant Elliot Zacker, a physician, sought treatment from appellee Steven Croft, M.D., for complaints of pain in his arm, shoulder, neck and chest. Appellant suspected his pain might *141 be more than simply rheumatological problems and, therefore, wanted to see an internist. Appellee treated appellant with injections for muscle and nerve problems but did not diagnose or treat him for any internal problems. On August 13, 1988, appellant suffered a heart attack which required major heart surgery and hospitalization until September 17, 1988.
On July 25, 1990, appellants sent, by certified mail, return receipt requested, a notice of intent to initiate litigation for medical malpractice to appellees at their last known address. Although appellees maintained their office at the same street address, they had moved into a different suite. On July 31, 1990, the post office marked the notice "returned to sender." On August 22, 1990, appellants mailed a second notice of intent to initiate litigation (postmarked August 23, 1990) which appellees received at their new address.
Appellees moved for summary judgment claiming the statute of limitations had expired before they received the notice of intent to initiate litigation. The trial court granted appellees' motion finding the statute of limitations expired on August 13, 1990 and that "[i]t was incumbent upon Plaintiffs to ... see that [Dr. Croft] received a Notice of Intent within the limitation of actions period" (emphasis added).
Appellants contend the trial court erred when it concluded the statute of limitations began to run on August 13, 1988 and argue the limitations period did not commence until September 17, 1988, the earliest date that Dr. Zacker claims he should have known of his "injury." In the alternative, appellants argue the trial court erred when it concluded as a matter of law that the mailing of the July 25, 1990 notice of intent to initiate litigation did not satisfy the requirements of section 766.106, Florida Statutes (1988). We affirm the trial court's determination that the statute of limitations began to run on August 13, 1988. Univ. of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991).
We reverse the trial court's determination that appellants failed to comply with section 766.106, Florida Statutes (1988). In Boyd v. Becker, 603 So.2d 1371 (Fla. 4th DCA 1992), this court held, "Under these provisions [section 766.106(3)(a) and rule 1.650(d)(2), (3)(A)] the ninety day tolling of the limitations period occurs from the date the notice of intent was mailed." Id. at 1373. This court acknowledged conflict with Barron v. Crenshaw, 573 So.2d 17 (Fla. 5th DCA 1990), in which the Fifth District stated:
[T]he ninety-day period within which the response to a notice of claim is to be made under section 766.106 begins on the day after a notice of claim is received.

Id. at 18 (emphasis added). Based upon Boyd, appellants satisfied the requirements of section 766.106 when they mailed the notice of intent to initiate litigation before the expiration of the statute of limitations.
Although Boyd holds that the mailing of the notice of intent to initiate litigation prior to the expiration of the statute of limitations tolls the limitations period, it does not address a notice of intent to initiate litigation mailed to an erroneous address. Here, appellants mailed the notice of intent to initiate litigation to appellees' former address. The return receipt indicated that the post office returned the notice to sender on July 31, 1990. Appellants' counsel stated in his affidavit, "Although the Defendant has attached certain post office records to their Motion for Summary Judgment, the original Notice of Intent dated July 25, 1990 was not brought to my attention until August 22, 1990." On the same date, August 22, 1990, appellants mailed a second notice of intent to initiate litigation to appellees' correct address.
We agree with the trial court's conclusion that "[i]t was incumbent upon Plaintiffs to determine the correct address of Dr. Croft." However, based upon Boyd, we disagree with the trial court's conclusion that it was also incumbent upon plaintiffs to see that Dr. Croft "received a Notice of Intent within the limitation of actions period" (emphasis added). The purpose of the notice requirement is to notify prospective defendants of medical malpractice claims to promote the settlement of *142 such claims, when appropriate, and not to function as a trap for medical malpractice claimants. Solimando v. Int'l Medical Centers, H.M.O., 544 So.2d 1031 (Fla. 2d DCA), review dismissed, 549 So.2d 1013 (Fla.), review dismissed, 550 So.2d 467 (Fla. 1989), review dismissed, 557 So.2d 866 (Fla. 1990). The record shows appellants confirmed Dr. Croft's street address through directory assistance and mailed the notice of intent to initiate litigation to the address indicated on Dr. Zacker's medical records. The information in appellants' counsel's possession did not disclose that appellees had moved into a different suite in the same building. Under the facts of this case, we hold appellants exercised reasonable care and diligence to determine the correct address of appellees and tolled the statute of limitations by mailing the notice of intent to initiate litigation to appellees' last known address.
Accordingly, we reverse the summary final judgment entered in favor of appellees and remand this cause to the trial court for further proceedings.
REVERSED and REMANDED.
ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.