627 So.2d 481 (1993)
James Curtis BOYD, Petitioner,
v.
Ferdinand F. BECKER, M.D., Respondent.
No. 80725.
Supreme Court of Florida.
November 4, 1993.
James Curtis Boyd, pro se.
Reed W. Kellner and Andrea D. McMillan of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for respondent.
OVERTON, Justice.
James Curtis Boyd petitions for review of Boyd v. Becker, 603 So.2d 1371 (Fla. 4th DCA 1992), in which the district court held that Boyd's medical malpractice action was *482 barred by section 766.106(3)(a), Florida Statutes (1989), the statute of limitations for medical malpractice suits. The district court acknowledged that section 766.106(3)(c) conflicts with section 766.106(3)(a) inasmuch as the former section provides a longer period in which to file suit. However, the district court found that the conflict between the statutes was resolved by this Court's adoption of Florida Rule of Civil Procedure 1.650 and that it was bound to follow this rule. The district court also acknowledged that its decision conflicts with Barron v. Crenshaw, 573 So.2d 17 (Fla. 5th DCA 1990). We find conflict and have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
For the reasons expressed, we conclude that subsections (a) and (c) of section 766.106(3) should be construed so that Boyd's lawsuit was timely filed. Our construction of these statutes requires that we modify Florida Rule of Civil Procedure 1.650 to conform to this statutory interpretation.
In order to understand the facts in this case, it is necessary to first examine the statutory provisions involved. The statutes at issue are sections 95.11(4)(b) and 766.106(2)-(4), Florida Statutes (1989). These sections set forth certain statutory prerequisites to the filing of a medical malpractice action, prerequisites that directly affect how the statute of limitations period for a malpractice action is computed. The pertinent part of section 95.11(4)(b) reads as follows:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence... .
§ 95.11(4)(b), Fla. Stat.(1989). The pertinent parts of section 766.106(2)-(4) read as follows:
(2) After completion of presuit investigation pursuant to s. 766.203 and prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant and, if any prospective defendant is a health care provider licensed under chapter 458, chapter 459, chapter 460, chapter 461, or chapter 466, the Department of Professional Regulation by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice... .
(3)(a) No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period... .
... .
(c) ... Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for purposes of this section.
... .
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.
§ 766.106(2)-(4), Fla. Stat. (1989) (emphasis added).
The conflict arises from the language used in section 766.106(3)(a) (measuring the ninety-day period from the date the notice of intent is mailed) vis-a-vis the language used in section 766.106(3)(c) (measuring the same period from the date the notice is received). The consequences of this discrepancy become apparent on review of the facts found in this record.
The record reflects the following facts. On June 3, 1988, Dr. Becker performed an operation on Boyd. As a result of the doctor's alleged negligence, Boyd received an unexpected scar on his neck. Exactly two years *483 after the operation, on June 2, 1990, Boyd applied for and received an automatic ninety-day extension to the statute of limitations pursuant to section 766.104(2), Florida Statutes (1989). Prior to the expiration of this ninety-day extension period, on August 30, 1990, Boyd mailed to Dr. Becker a notice of intent to initiate litigation, the statutory prerequisite to filing a medical malpractice lawsuit, as required by section 766.106(2). The record reflects that Dr. Becker received the notice on September 3, 1990. Subsection (3)(a) of the statute prohibited Boyd from filing his lawsuit for a period of ninety days after mailing the notice. During this same ninety-day period, the running of the statute of limitations was tolled by subsection (4). This ninety-day period was designed to give Dr. Becker and his insurer a chance to investigate and then settle or reject the claim. See subsection (3)(a). The doctor, however, failed to respond to Boyd's notice. On the authority of subsection (3)(c), Boyd waited for ninety days after the doctor had received the notice of intent, at which time he accepted an implicit rejection of the claim based on the doctor's lack of response.[1] Once the claim was rejected, subsection (4) provided Boyd a final sixty-day extension to the statute of limitations. On February 1, 1991, the last day of this final extension, computed from the date the notice of intent was received by Dr. Becker rather than from the date the notice was mailed, Boyd filed his lawsuit.
In the trial court, Dr. Becker asserted that Boyd's claim was barred by the statute of limitations and moved for dismissal. The doctor relied on the language in section 766.106(3)(a) that states: "No suit may be filed for a period of 90 days after notice [of intent to initiate litigation] is mailed to any prospective defendant." (Emphasis added). The doctor contended that, because the notice was mailed on August 30, 1990, the tolling of the statute of limitations began on that date and ended ninety days later, on November 28, 1990. According to the doctor's calculation, November 28, 1990, is the date that Boyd should have accepted the implicit rejection of his claim and started the countdown for the final sixty-day extension authorized in subsection (4). Under this analysis, the final extension should have expired on January 28, 1991, three days before Boyd filed his lawsuit on February 1, 1991.
In response, Boyd pointed to subsection (3)(c), which states: "Failure of the prospective defendant ... to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim." (Emphasis added). On this basis, Boyd contended that the final sixty-day period did not begin until December 3, 1990, ninety days after Dr. Becker received the notice, and that the claim was timely filed on February 1, 1991.
The trial court found that the claim was barred by the statute of limitations and the Fourth District Court of Appeal affirmed. The district court acknowledged the conflict between the two subsections and favored the logic of Boyd's interpretation. However, the district court found that it was bound by this Court's adoption of Florida Rule of Civil Procedure 1.650. The district court concluded that, because this Court had "obviously construed these same statutory provisions in enacting Rule 1.650," 603 So.2d at 1373, it had to follow the rule and affirm the decision of the trial judge. The district court noted that its decision was in conflict with Barron.
There is no question that the two statutory provisions involved in this case are in direct conflict. One provision states that the ninety-day period is computed from the date the notice is mailed while the other states that the time is computed from the date the notice is received. We hold that, as to these two statutory provisions, the conflict should be resolved in a manner that allows a claim to be considered on its merits, rather than barred by a judicial construction that applies the more limiting statutory provision. We find that the most reasonable construction of the conflicting provisions is that the ninety-day period described in section 766.106(3) should be computed from the date the putative defendant receives the notice of intent *484 to initiate litigation. We believe this construction gives the most deference to the legislative intent and purpose of chapter 766 and will allow each defendant a full ninety days in which to evaluate a plaintiff's claim. To hold otherwise could substantially restrict the time the defendant in a medical malpractice suit has to evaluate the merits of the claim.
The purpose of chapter 766 is to facilitate the resolution of medical malpractice claims before the matter goes to trial. We believe the legislature intended that the statute provide a full ninety-day period during which the prospective defendant and the insurer can objectively review the merits of the claim and then carefully determine whether the claim should be settled and for what amount. To facilitate this process, the defendant and insurer may, among other actions, request informal discovery, require the plaintiff to submit to a physical examination, and convene a medical review committee. Although these activities could take a much longer period of time to complete, the legislature has determined that a period of ninety days provides the proper balance between the needs of the defendant and insurer, on the one hand, and the plaintiff's desire to bring suit as soon as possible, on the other hand. If the ninety-day investigation period were measured from the date the plaintiff mailed the notice of intent to initiate litigation, the defendant would never receive a full ninety days in which to investigate. Delays in mail delivery could significantly reduce this time period and could force the defendant and insurer to make critical settlement decisions before gathering all the facts. In a case where there are codefendants, the analysis proposed by Dr. Becker could result in differing amounts of investigation time for each defendant, depending on how quickly each receives the mail. Certainly, the legislature could not have intended this inconsistency.
We realize that the district court was compelled to apply our Florida Rule of Civil Procedure 1.650. When we adopted rule 1.650, this Court did not have the benefit of an adversarial proceeding directed to the issue presented in this case. While the Florida Constitution grants this Court exclusive rule-making authority, this power is limited to rules governing procedural matters and does not extend to substantive rights. Art. V, § 2(a), Fla. Const.; Timmons v. Combs, 608 So.2d 1 (Fla. 1992); Benyard v. Wainwright, 322 So.2d 473 (Fla. 1975). We have previously stated that statutes of limitation provide substantive rights and supersede our procedural rules. S.R. v. State, 346 So.2d 1018 (Fla. 1977). In this instance, our Rule of Civil Procedure 1.650, which was adopted to implement the legislative intent of chapter 766, does not absolutely control which of the two statutory provisions applies. Because our decision to measure the ninety-day period from the mailing date rather than the date of receipt was not determined in a true adversarial proceeding, the rule of stare decisis does not constrain us in these proceedings. We commend the district court for applying rule 1.650 because that rule reflected a judgment of this Court bearing directly on the issue in this proceeding. However, we are persuaded by the logic of Boyd's argument and agree with the determination reached by the Fifth District Court in Barron. As a result, we find that Florida Rule of Civil Procedure 1.650 must be modified to conform with this opinion. Consequently, we amend the relevant portions of the rule to read as follows:

RULE 1.650 MEDICAL MALPRACTICE PRESUIT SCREENING RULE
... .
(d) Time Requirements.
... .
(3) To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was mailed received, whichever is longer, after the earliest of the following:
(A) The expiration of 90 days after the date of mailing receipt of the notice of intent to initiate litigation.
(B) The expiration of 180 days after mailing of the notice of intent to initiate *485 litigation if the claim is controlled by section 768.28(6)(a), Florida Statutes.
This rule change shall become effective immediately upon this opinion becoming final. We amend this rule pursuant to Rule of Judicial Administration 2.130(a) and determine that this revision be further considered at the quadrennial review of the Florida Rules of Court.
We quash the decision of the district court with directions that this cause be remanded to the circuit court for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] In Tanner v. Hartog, 618 So.2d 177 (Fla. 1993), we held that the sixty-day tolling of the statute of limitations described in section 766.106(4), Florida Statutes (1991), need not follow an "extension" period as suggested in the statute.