633 So.2d 464 (1994)
James MASON and Marian Mason, etc., Appellants,
v.
Dr. Charles D. BISOGNO, D.O., et al., Appellees.
No. 92-2870.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
Rehearing Denied March 25, 1994.
*465 Mark V. Morsch, Parrish, Bailey and Morsch, P.A., Orlando, for appellants.
Clay H. Coward and Craig S. Foels, Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellees.
THOMPSON, Judge.
James and Marian Mason appeal a final judgment entered in favor of Dr. Charles D. Bisogno in their medical malpractice suit. The trial judge granted Dr. Bisogno's motion for summary judgment based upon the expiration of the statute of limitations. The quagmire in this case is created by alleged conflict between sections 766.106(3) and 766.106(4), Florida Statutes (1991), and Florida Rule of Civil Procedure 1.650(d)(3). We find no conflict and we affirm the trial court.

FACTS
The appellants are husband and wife. The appellee in this action is Dr. Charles Bisogno who allegedly negligently performed a medical procedure on Mrs. Mason. The dates events occurred and the facts of this case are not contested. Mrs. Mason suffered from ulcerative colitis. This condition began in 1982 and continued until 1988. On 18 November 1988, Mrs. Mason had a colonoscopy performed by Dr. Bisogno. A pinhole injury to her colon developed as a result of this procedure. The Masons became aware of this injury on 19 November 1988. The problem was treated with medication and by other means until Mrs. Mason developed severe peritonitis. On 20 November 1988, Mrs. Mason expressed a lack of confidence in Dr. Bisogno and demanded to be treated by another physician. (The lawyers agree that the statute of limitations began to run on this day). Mrs. Mason was airlifted to another facility so that she could be operated on by Dr. Martija. Dr. Martija removed her colon and Mrs. Mason must wear a colostomy appliance.
As a result of her injuries, the Masons employed an attorney to sue Dr. Bisogno and others. This appeal only concerns Dr. Bisogno. The Masons' attorney sent a notice of intent to initiate litigation for medical malpractice to Dr. Bisogno on 13 November 1990, pursuant to section 766.104(2), Florida Statutes (1991). This date was seven days before the two year statute of limitations expired. See § 95.11(4)(b), Fla. Stat. (1991).[1] The effect of the notice was to start the presuit investigation phase. During this period of time, the law contemplates that the defendant and the defendant's insurer or self-insurer will conduct an investigation to determine liability and, if possible, to resolve the lawsuit short of litigation. Section 766.106(3)(a), (b), Fla. Stat. (1991). Rights and obligations of the parties during this period of time are defined by statute. See § 766.106(3)(a)(d), Fla. Stat. (1991). The notice also tolls the statute of limitations for 90 *466 days as to all defendants. See § 766.106(4), Fla. Stat. (1991).
The 90-day presuit phase was to expire on 11 February 1991. Before the phase expired, the parties entered into a stipulation and agreed to extend the 90-day presuit period "to and including 31 March 1991." See Id. Before the first extended deadline, the parties executed a second stipulation that extended the 90-day presuit period "to and including 30 April 1991." On 24 April 1991, Dr. Bisogno's attorney sent a rejection of claim along with a physician's affidavit by certified mail to the Masons' attorney.[2] There is no dispute that the attorney for the Masons received this letter on 25 April 1991. The Masons filed their medical malpractice complaint on 27 June 1991.

ARGUMENT OF COUNSEL
At the hearing on Dr. Bisogno's motion for summary judgment, Dr. Bisogno's attorney argued that the period for filing the lawsuit expired on 24 June 1991.[3] Dr. Bisogno's attorney noted that section 766.106(3)(b) required he provide a response to the Masons' attorney at or before the end of the 90-day extended period. The lawyer argued that pursuant to section 766.106(4) and Florida Rule of Civil Procedure 1.650, which the Florida Supreme Court passed to implement the two sections being discussed, the Masons had 60 days, or the remainder of the period of the statute of limitations, whichever was greater, to file their lawsuit. Since the Masons only had seven days of the statute of limitations period remaining, the Masons had 60 days from the receipt of the rejection to file their lawsuit or until 24 June 1991.[4] Therefore, the claim was barred by the statute of limitations because the Masons' lawsuit was filed three days late.
The Masons' attorney used a different method to calculate the end point of the extended period. The Masons' attorney argued that by stipulation, the statute of limitations did not expire until 30 June 1991 which was 60 days from 30 April 1991. The rejection of claim did not shorten the end point of the extended period contained in the written agreement. Since the statute of limitations expired on the later date of 30 June 1991, their lawsuit was filed within the statute of limitations. The Masons' attorney also argued that there are two distinct methods to proceed under the presuit phase of Chapter 766. The first is the 90-day period under section 766.106(3)(b), and the other is the 90-day period under 766.106(4). He argued that they must be viewed and read separately and that the sections cannot be read together. Specifically, once the extension provision under section 766.106(4) is invoked by the parties, the provisions of 766.106(3)(b) do not, and can not, apply. Further, the rejection of claim is not sufficient to invoke the procedures of Rule 1.650. The defendant must file a "notice of termination of negotiations" and not a "rejection of claim." The two terms are not synonymous.
The trial court accepted Dr. Bisogno's attorney's argument and granted summary judgment on 29 July 1992. Final judgment was entered on 11 August 1992. The Masons' motion for rehearing was denied on 3 October 1992. This appeal followed. The sole issue is whether sections of Chapter 766, sub judice, conflict.

LAW
The alleged conflict arises based upon two sections of Chapter 766 and Florida Rule of Civil Procedure 1.650, the Medical Malpractice *467 Presuit Screening Rule. They are set out in pertinent part below.
Section 766.106(3) reads:
(b) At or before the end of the 90 days, the insurer or self-insurer shall provide the claimant with a response:
1. Rejecting the claim;
* * * * * *
(c) The response shall be delivered to the claimant if not represented by counsel or to the claimant's attorney, by certified mail, return receipt requested. Failure of the prospective defendant or insurer or self-insurer to reply to the notice within 90 days after receipt shall be deemed a final rejection of the claim for purposes of this section.
Section 766.106(4) reads:
The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.

Florida Rule of Civil Procedure, 1.650 reads:
(d) TIME REQUIREMENTS
(3) To avoid being barred by the applicable statute of limitations, an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was mailed, whichever is longer, after the earliest of the following:
(C) Receipt by claimant of a written rejection of the claim.

(D) The expiration of any extension of the 90-day presuit screening period stipulated to by the parties in accordance with [section 766.106(4)], Florida Statutes. (Emphasis supplied).
Although the Masons' attorney suggests there is a conflict between the two sections and the rule of civil procedure, we do not find one. The attorneys agree on the dates of the extensions, the date the rejection of claim was received, and that the 60 day provision of Rule 1.650 applies. See Tanner v. Hartog, 618 So.2d 177, 182-184 (Fla. 1993). They disagree, however, on when the 60 day provision begins to run.
The plain and ordinary meaning of the language of the statute and the rule is clear in this case and the two sections must be read together. See State v. Gale, 349 So.2d 150, 153 (Fla. 1977). The Legislature intended to encourage settlement and negotiations in medical malpractice cases to limit litigation. Rhoades v. Southwest Regional Medical Center, 554 So.2d 1188, 1190 (Fla. 2d DCA 1989). Once it becomes apparent that negotiations are not going to be successful, the Legislature intended that the plaintiffs be allowed to file their suits as promptly as possible. Otherwise, the cases could be investigated or negotiated by the defendants ad infinitum. That is why the statute of limitations is tolled during the presuit phase. There is no reason, however, for the statute to be tolled once the claim has been rejected. There is nothing to be accomplished by delaying the filing of the lawsuit. Just as the statutes protect the plaintiff by tolling the statute of limitations during the presuit phase, they protect the defendants from delay once the claim has been rejected.
Rule 1.650 is clear that the earliest of several events restarts the statute of limitations. To prevent an action from being barred in this case, the plaintiff must file the lawsuit when the earliest of two events occur: a written rejection of claim or the expiration of an extension of the 90-day presuit phase. The rejection was sent and received by the Masons' attorney. Since the Masons only had seven days left to file their lawsuit before the statute of limitations expired, the longer time period of 60 days started on 26 April 1991, and expired on 24 June 1991. Their argument that Bisogno could not shorten the extension by filing a rejection of claim is neither supported by any authority *468 nor by a plain reading of the statute and rule.
This court is aware that the Florida Supreme Court recently has ruled in a similar case involving conflict between two sections of this statute[5] and Rule 1.650. Boyd v. Becker, 627 So.2d 481 (Fla. 1993). Boyd, involved the issue of whether the 90-day presuit screening phase started on the date the plaintiff mailed the notice or on the date the defendant received the notice. The court ruled the date the notice was received was the correct date because it could be verified. The court stated:
as to these two statutory provisions, the conflict should be resolved in a manner that allows a claim to be considered on its merits, rather than barred by a judicial construction that applies the more limiting statutory provision.
Boyd, at 483. The Florida Supreme Court rewrote the rule of procedure to conform to the ruling of the court.
In this case, there is no conflict. The rule, adopted to procedurally implement the statute's substance, is clear and unambiguous regarding when the statute of limitations begins to run again. Obviously, the supreme court can rewrite the rule to read that the latest, instead of the earliest, of several events will start the statute of limitations running, but this court cannot. See Boyd v. Becker, 603 So.2d 1371, 1373 (Fla. 4th DCA 1992), quashed, Boyd, at 481. In conclusion, we hold that section 766.106(3) and (4) are to be read and applied together when there is an extension pursuant to section 766.106(4) and that a notice "rejecting the claim" and "terminating negotiations" are the same for the purpose of restarting the statute of limitations.
AFFIRMED.
GRIFFIN, J., and RAINWATER, T.B., Associate Judge, concur.
NOTES
[1] Section 95.11(4)(b) states:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence.
[2] The rejection letter read "This is to advise that the claim made by you on behalf of Marion [sic] and James Mason against Charles Bisogno, D.O., has been reviewed and evaluated pursuant to the provisions of the applicable Florida Statutes, and that the claim made against Dr. Bisogno is rejected."
[3] Dr. Bisogno's attorney calculated the beginning of this time period from 25 April 1991, instead of from 26 April 1991. The correct method of calculating time limits under this section is to start counting the day after the notice is received. See Boyd v. Becker, 627 So.2d 481 (Fla. 1993); Barron v. Crenshaw, 573 So.2d 17 (Fla. 5th DCA 1990). Therefore, the time period actually expired on 25 June 1991, according to Dr. Bisogno's argument. Because 25 June 1991, was a weekday, and not a holiday, the statute of limitations was not extended.
[4] But see, supra n. 3.
[5] Section 766.106(3)(a), (c), Fla. Stat. (1991).