MAKAR, J.,
concurring.
Eartha Seeley sued Bay County Board of County Commissioners for the negligence of its emergency management personnel when she fell off a stretcher while being wheeled from her home to the awaiting ambulance. Seeley initially failed to comply with the requirements of Florida’s medical presuit notice statute, but sought to do so after the trial court concluded that her claim was for medical negligence. At issue is whether sending her notice of intent to initiate litigation via certified mail to the County before the expiration of the statute of limitations (here, one business day) complied with presuit notice requirements even though it was not received by the County until two business days thereafter.
The trial judge ruled that the notice was served timely, relying on (a) the language of section of the presuit notice statute, which says that the “notice of intent to initiate litigation shall be served within [the statute of limitations]”); section 766.106(4), Florida Statutes (2013) (emphasis added); and (b) rule 1.650(d)(1), Florida Rules of Civil Procedure (2008), which says the notice of intent “shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose. If an extension has been granted under section 766.104(2), Florida Statutes, or by agreement of the parties, the notice shall be served within the extended period.” (emphasis added). It also relied on caselaw concluding that—for purposes of determining the timeliness of the notice of intent— the relevant focus is whether the notice was served before the limitations period expired. Baxter v. Northrup, 128 So.3d 908, 912 (Fla. 5th DCA 2013) (noting that rule 1.650(d)(1), which has remained unchanged, “merely mandates that service of the notice of intent by certified mail must be accomplished before expiration of the statute of limitations”).
The Fifth District’s decision in Baxter conflicts with Bove v. Naples HMA, LLC, 196 So.3d 411, 415 (Fla. 2d DCA 2016), reh’g denied (July 29, 2016), which held that “it is the date that the notice is received—rather than the date that the notice is mailed—that is relevant for purposes of determining whether the statute of limitations has been tolled.” The Second District found significance in the fact that rule 1.650(d)(1) provides that service of the notice of intent via certified mail must be “return receipt requested,” which it felt bolstered its conclusion that the date of *229 receipt is relevant. But that overlooks a harmonizing view of the rule’s language, making it more reasonable to conclude that sending the notice via certified mail satisfies the requirement of “service” for statute of limitations purposes, and that the requirement of a return receipt provides a date certain for computing the length of a tolling period. As our supreme court explained long ago:
Service of the presuit notice by certified mail, return receipt requested, simply assures reliable verification of 1) timely service and 2) the date of receipt. Verification of timely service serves to reduce contention and litigation concerning compliance with the general notice requirement. ... Likewise, verification of the date of receipt serves to reduce disputes concerning compliance with various time periods that begin to run after presuit notice is received.
Patry v. Capps, 633 So.2d 9, 12 (Fla. 1994) (citation omitted); see also Hillsborough Cty. Hosp. Auth. v. Coffaro, 829 So.2d 862, 866 (Fla. 2002) (holding that the date a defendant receives a notice of intent starts the tolling of the limitations period) (citing Boyd v. Becker, 627 So.2d 481, 483-84 (Fla. 1993) (limitations period tolled when defendant receives notice of intent, rather than time it was mailed)).
For these reasons, the Fifth District’s approach is the most defensible. The timely service of a notice of intent satisfies the requirement of general notice, while a defendant’s receipt of the notice ensures that the full ninety days of tolling is available thereafter so that defendants may evaluate plaintiffs’ claims. Boyd, 627 So.2d at 483-84 (“To hold otherwise could substantially restrict the time the defendant in a medical malpractice suit has to evaluate the merits of the claim.”). In addition, our supreme court has repeatedly said that the presuit statute, even with its contradie-tions, must be interpreted in a way that allows plaintiffs access to courts and allows defendants sufficient time upon receipt of a notice of intent to evaluate it. Coffaro, 829 So.2d at 865 (noting that the presuit statute “should be liberally construed to allow the parties access to courts”); Boyd, 627 So.2d at 484 (“If the ninety-day investigation period were measured from the date the plaintiff mailed the notice of intent to initiate litigation, the defendant would never receive a full ninety days in which to investigate.”).
Because the trial court did not depart from the essential requirements of law, relief to the County is not warranted, but certifying conflict with the Second District in Bove is appropriate.