# Supreme Court of Florida

———————

No. SC20-1399

———————

**WILLIAM BOYLE,**
Petitioner,

vs.

**MYLES RUBIN SAMOTIN, M.D., et al.,**
Respondents.

April 21, 2022

PER CURIAM.

In this case we consider the statutory presuit notice requirement that section 766.106, Florida Statutes (2018), imposes on a claimant who seeks to file a medical negligence suit. Here the claimant mailed the presuit notice *before* the expiration of the applicable limitations period, but the defendant did not receive the notice until *after* the period would have expired absent tolling. The certified conflict issue is whether the applicable limitations period for filing a complaint for medical negligence is tolled under section 766.106(4) upon the claimant's mailing of the presuit notice of

intent to initiate litigation, or only upon receipt of the notice by the prospective defendant. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

We have for review *Boyle v. Samotin*, 313 So. 3d 673 (Fla. 2d DCA 2020), in which the Second District Court of Appeal, adhering to its earlier decision in *Bove v. Naples HMA, LLC*, 196 So. 3d 411 (Fla. 2d DCA 2016), held that a medical negligence complaint is untimely if the presuit notice is not received by the prospective defendant within the applicable limitations period. In other words, the Second District held that the limitations period is not tolled until receipt of the notice. *Boyle*, 313 So. 3d at 674. In so holding, the Second District certified conflict with the Fourth District Court of Appeal's decision in *Zacker v. Croft*, 609 So. 2d 140 (Fla. 4th DCA 1992), and the Fifth District Court of Appeal's decision in *Baxter v. Northrup*, 128 So. 3d 908 (Fla. 5th DCA 2013), both of which, in the Second District's view, "resolved the same issue and arrived at the opposite conclusion—that the statute of limitations period is tolled upon *mailing* of the notice of intent." *Boyle*, 313 So. 3d at 678.

We agree with Judge Smith's concurring-specially-in-result-only opinion below that the Second District's earlier decision in

- 2 -

*Bove* was wrongly decided and that the relevant statute and rule only require a claimant to timely mail the presuit notice to trigger tolling of the applicable limitations period. This conclusion, as petitioner correctly argues, is consistent with what this Court has previously said in *Boyd v. Becker*, 627 So. 2d 481 (Fla. 1993), and *Patry v. Capps*, 633 So. 2d 9 (Fla. 1994). Accordingly, we quash the Second District's decision in *Boyle* and approve the certified conflict cases of *Zacker* and *Baxter* to the extent they are consistent with this opinion.

## I

Prior to commencing an action for medical negligence, a claimant is required to follow certain procedures under section 766.106. Subsection (2)(a) of the statute mandates that "a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence." Subsection (3)(a) then contemplates a "90-day period" in which the prospective defendant shall conduct a presuit investigation "to determine the liability of the defendant." But subsection (3) references two different 90-day periods, one triggered by mailing of the presuit notice, the other by receipt of the notice.

Namely, subsection (3)(a) provides in part that "[n]o suit may be filed for a period of *90 days after notice is mailed* to any prospective defendant," whereas subsection (3)(c) provides in part that "[f]ailure of the prospective defendant or insurer or self-insurer to reply to the notice within *90 days after receipt* shall be deemed a final rejection of the claim for purposes of this section."  (Emphasis added.)

These differing 90-day periods are relevant here because subsection (4) of the statute contains a tolling provision that generally references "the 90-day period."  That subsection, titled "Service of Presuit Notice and Tolling," provides:

> The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11.  However, *during the 90-day period, the statute of limitations is tolled as to all potential defendants.*  Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension.  Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit.

(Emphasis added.)

Florida Rule of Civil Procedure 1.650 applies to the presuit procedures prescribed by section 766.106.  Subdivision (b)(1) of the rule provides that "[n]otice of intent to initiate litigation *sent by*

- 4 -

*certified mail to and received* by any prospective defendant *shall operate as notice* to the . . . prospective defendant receiving the notice." (Emphasis added.) Subdivision (d)(1) of the rule provides that the presuit notice "shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose." Subdivisions (d)(2) and (d)(3) then reference the two different 90-day periods referenced in the statute. Subdivision (d)(2) provides in part that an "action may not be filed against any defendant until 90 days after the notice of intent to initiate litigation was mailed." And subdivision (d)(3) provides in part that "an action must be filed within 60 days or within the remainder of the time of the statute of limitations after the notice of intent to initiate litigation was received, whichever is longer, after the earliest of [certain events]," one of which is "[t]he expiration of 90 days after the date of receipt of the notice of intent to initiate litigation."

## II

The relevant facts outlined by the Second District are straightforward. Just one day before the expiration of the applicable limitations period, petitioner "served a notice of intent for

medical negligence, via certified mail, return receipt requested, addressed to [respondents] pursuant to section 766.106(2)(a) and Florida Rule of Civil Procedure 1.650(b)(1)." *Boyle*, 313 So. 3d at 675. Respondents, however, did not sign the return receipt until four days after the notice was mailed. *Id.* Petitioner later filed a medical negligence complaint, and respondents moved for summary judgment on timeliness grounds. *Id.*

The trial court granted respondents' motion but did so begrudgingly. The trial court recognized it was bound to follow the Second District's decision in *Bove*, which held that the applicable limitations period is not tolled until the prospective defendant receives the presuit notice. But the trial court opined that other courts, including the Fifth District in *Baxter*, correctly concluded that tolling commences when the claimant "serves" or mails the notice.

On appeal, the Second District declined petitioner's invitation to recede from *Bove* and instead affirmed. *Boyle*, 313 So. 3d at 674. The Second District felt "constrained by the doctrine of stare decisis to apply *Bove*" due to *Bove*'s "indistinguishable" facts. *Id.* at 680. The Second District explained that *Bove* largely based its decision

on rule 1.650, namely the "*received by*" language in subdivision (b)(1) and the "*return receipt requested*" requirement in subdivision (d)(1). *Id.* at 677 (quoting *Bove*, 196 So. 3d at 414). The Second District further explained that *Bove* was "[g]uided by the Florida Supreme Court's decisions in *Boyd v. Becker*, 627 So. 2d 481 (Fla. 1993), and *Hillsborough County Hospital Authority v. Coffaro*, 829 So. 2d 862 (Fla. 2002)," both of which, in the Second District's view, focused on receipt of the notice. *Boyle*, 313 So. 3d at 678.

After revisiting *Bove*, the Second District explained that *Zacker* and *Baxter* reached a different conclusion than *Bove* even though they relied on some of the same caselaw and statutory and rule language on which *Bove* relied. *Id.* at 678-79. The Second District also noted Judge Makar's concurring opinion in *Bay County Board of County Commissioners v. Seeley*, 217 So. 3d 228 (Fla. 1st DCA 2017), in which Judge Makar, relying in part on this Court's decision in *Patry v. Capps*, 633 So. 2d 9 (Fla. 1994), opined that *Baxter* was more persuasive than *Bove*. *Boyle*, 313 So. 3d at 679-80. But the Second District panel adhered to *Bove*, affirmed the judgment below, and certified conflict with *Zacker* and *Baxter*. *Id.* at 680.

## III

In the certified conflict case of *Zacker*, the Fourth District held in relevant part that a claimant "satisfie[s] the requirements of section 766.106 when they mail[] the notice of intent to initiate litigation before the expiration of the statute of limitations." *Zacker*, 609 So. 2d at 141. For that proposition, the Fourth District relied on its earlier decision in *Boyd v. Becker*, 603 So. 2d 1371 (Fla. 4th DCA 1992), *quashed*, 627 So. 2d 481 (Fla. 1993), which held that "the ninety day tolling of the limitations period occurs from the date the notice of intent was mailed." *Zacker*, 609 So. 2d at 141 (quoting *Boyd*, 603 So. 2d at 1373).

In the other certified conflict case of *Baxter*, the Fifth District in relevant part addressed the defendants' argument that the applicable limitations period had expired because the presuit notice was not received within that period. *Baxter*, 128 So. 3d at 912. The Fifth District rejected that "receipt" argument, reasoning in part that "the tolling period commences when the notice is *served* in accordance with Florida Rule of Civil Procedure 1.650(d)(1)." *Id.* The Fifth District also distinguished this Court's decision in *Boyd v. Becker*, 627 So. 2d 481 (Fla. 1993), on the ground that *Boyd* "only

addresses the commencement of the period within which suit must be filed following the service of the notice." *Baxter*, 128 So. 3d at 912. The Fifth District further reasoned that although *Boyd* "effected a *sua sponte* amendment to rule 1.650(d)(3)," *Boyd* left undisturbed "rule 1.650(d)(1), which merely mandates that *service* of the notice of intent by certified mail must be accomplished before expiration of the statute of limitations." *Id.*

**IV**

To resolve the certified conflict, we determine whether the applicable limitations period for filing a medical negligence complaint is tolled upon a claimant's mailing of the statutorily required presuit notice or only upon receipt of the notice by the prospective defendant. This requires us to interpret section 766.106 and rule 1.650. Our standard of review is de novo for questions of statutory interpretation, *Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018), and for questions of "interpretation of the rules of civil procedure," *Koppel v. Ochoa*, 243 So. 3d 886, 889 (Fla. 2018).

This Court adheres to the "supremacy-of-text principle" that "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v.*

- 9 -

*Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). Here, however, it is difficult to "conclude that the meaning of the governing text is clear beyond any doubt." *MRI Assocs. of Tampa, Inc. v. State Farm Mut. Auto. Ins. Co.*, 46 Fla. L. Weekly S379, S381 (Fla. Dec. 9, 2021). After all, the statute contemplates tolling "during the 90-day period," but the statute and rule both reference two different 90-day periods. Indeed, this Court previously explained that the statutory provisions at issue here "are in direct conflict." *Boyd v. Becker*, 627 So. 2d 481, 483 (Fla. 1993). Because the relevant statutory language has remained unchanged since *Boyd* was decided, we begin our analysis with *Boyd*.

In *Boyd*, the conflict issue was whether "the final sixty-day extension authorized in [section 766.106(4)]" began ninety days after the presuit notice was mailed or "ninety days after [the prospective defendant] received the notice." 627 So. 2d at 483. After recognizing there was "no question" that the different 90-day periods referenced in section 766.106(3)(a) and section 766.106(3)(c) were "in direct conflict," this Court ultimately—and

- 10 -

unanimously—held that "the conflict should be resolved in a manner that allows a claim to be considered on its merits." *Id.* That meant "that the ninety-day period described in section 766.106(3) should be computed from the date the putative defendant *receives* the notice of intent to initiate litigation." *Id.* at 483-84. This Court reasoned that such a "construction gives the most deference to the legislative intent and purpose of chapter 766 and will allow each defendant a full ninety days in which to evaluate a plaintiff's claim." *Id.* at 484. Lastly, this Court sua sponte amended rule 1.650(d)(3) to make clear that the 90-day period is measured from receipt of the notice. *Id.* In doing so, this Court explained that the rule was previously adopted without "the benefit of an adversarial proceeding directed to the issue presented in [*Boyd*]" and that, because the matter at issue was substantive, the rule nevertheless "[did] not absolutely control which of the two statutory provisions applie[d]." *Id.*

Although *Boyd* held that the 90-day period is measured from receipt of the presuit notice, *Boyd* did not squarely address whether a claimant nevertheless triggers tolling upon mailing the notice. *Boyd* did, however, imply that was the case. *See id.* at 483

("Subsection (3)(a) of [section 766.106] prohibited Boyd from filing his lawsuit for a period of *ninety days after mailing* the notice. *During this same ninety-day period, the running of the statute of limitations was tolled by subsection (4).*" (emphasis added)). That implication was confirmed just a few months later when this Court in *Patry v. Capps*, 633 So. 2d 9 (Fla. 1994), unanimously explained that, under *Boyd*, a claimant need only properly mail the notice to trigger tolling.

In *Patry*, the issue was whether the "certified mail, return receipt requested" statutory requirement had to be strictly complied with or whether acknowledged receipt of a hand-delivered timely notice that resulted in no prejudice to the defendant constituted sufficient notice for purposes of the statute. 633 So. 2d at 10. This Court held that the hand-delivered notice satisfied the statute. *Id.* In considering "the statutory scheme as a whole," this Court explained that "[s]ervice of the presuit notice by certified mail, return receipt requested, simply assures reliable verification of 1) timely service and 2) the date of receipt." *Id.* at 12. In other words, "timely service . . . compli[es] with the general notice requirement." *Id.* This Court also noted multiple times that a claimant need only

serve the notice to trigger tolling. *See id.* at 11 ("Under the statutory scheme, service of presuit notice tolls the statute of limitations during the ninety-day presuit screening period provided for in the statute."); *id.* at 12 (citing what is now section 766.106(4) for the proposition that "timely service of presuit notice tolls the statute of limitations"). Of particular relevance, this Court, citing *Boyd*, explained: "Although *the statute is tolled as of the date the notice of intent is mailed*, the tolling period is measured from the date the notice is received by the prospective defendant." *Id.* at 11 n.4 (emphasis added).[1]

Taken together, *Boyd* and *Patry* support the conclusion that mailing of the presuit notice triggers tolling but that, to ensure the prospective defendant receives the benefit of the full investigation period, the 90-day period is measured from the date of receipt of the

---

1. *Patry* also cited with approval the Fourth District's decision in *Zacker*, one of the certified conflict cases here. Namely, in rejecting the "absurdity" of the strict-compliance argument advanced by the defendant who acknowledged actually receiving the hand-delivered notice, this Court cited *Zacker* for the following proposition: "It appears that notice of intent to initiate litigation sent certified mail, return receipt requested, would be sufficient to toll the statute of limitations, even if the notice was not actually received by the defendant." *Patry*, 633 So. 2d at 12.

- 13 -

notice. In other words, the applicable limitations period is also tolled during "[t]he time period between mailing and receipt." *Boyle*, 313 So. 3d at 685 (Smith, J., concurring specially in result only).

This result is the only reasonable one under the relevant statutory and rule language. At bottom, nothing in the statute or rule imposes upon a claimant an affirmative obligation to ensure that the prospective defendant receives and signs for the notice within the applicable limitations period. On the contrary, a claimant is merely required to "notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation." § 766.106(2)(a), Fla. Stat. And that notice must "be served within the time limits set forth in s. 95.11." § 766.106(4), Fla. Stat.; *see also* Fla. R. Civ. P. 1.650(d)(1) ("The notice of intent to initiate litigation shall be served by certified mail, return receipt requested, prior to the expiration of any applicable statute of limitations or statute of repose."). Our rules otherwise recognize that "[s]ervice by mail is complete upon mailing." Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(2).

The confusion in the lower courts on this issue appears to stem in part from certain language in this Court's later decision in

*Hillsborough County Hospital Authority v. Coffaro*, 829 So. 2d 862 (Fla. 2002). There, this Court held that "the ninety-day extension of the statute of limitations purchased under section 766.104(2) is not added to what remains of the original statute of limitations but is added after the sixty-day extension period under section 766.106(4)." *Id.* at 863.[2] In doing so, this Court twice cited *Boyd* for the proposition that the "statute of limitations is tolled from the time the defendant receives the notice of intent, not from the time the claimant mails it." *Id.* at 866. To the extent that language in *Coffaro* can be construed as suggesting that the applicable limitations period is not tolled upon mailing of the notice, we reject *Coffaro*'s reading of what we said in *Boyd*. Our doing so has no impact on *Coffaro*'s conclusion that the claimant there "had a total of 150 days (60 plus 90) from the dates she received the [health care providers' respective] notices of termination to file suit," *id.*, or *Coffaro*'s conclusion that the claims at issue were all timely filed, *id.* at 867. Indeed, because the presuit notices in *Coffaro* were all

_____

2. The 90-day purchased extension under section 766.104(2) is not the same as "the 90-day period" in section 766.106(4).

- 15 -

mailed and received within the limitations period, but with "fewer than sixty days remain[ing] in [the] limitations period," *id.* at 866, the tolling issue presented in this case is wholly irrelevant to *Coffaro*'s conclusions and 150-day calculations.

The Second District's earlier decision in *Bove*—to which the Second District here adhered—relied in part on *Coffaro* while failing to mention *Patry*. *Bove*, 196 So. 3d at 415. We thus reject *Bove*'s analysis. But *Bove* is problematic for other reasons. *Bove* largely relied on the language in rule 1.650 that "refers to the receipt of notice and requires that the notice be sent by certified mail." *Id.* For example, *Bove* emphasized the language in rule 1.650(b)(1) that a presuit notice "*sent by certified mail to and received by* any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice." *Id.* at 414 (quoting Fla. R. Civ. P. 1.650(b)(1)). But that rule language does not impose a duty on the claimant to ensure timely receipt of the presuit notice. Rather, that language merely provides that, prior to receipt, a prospective defendant is not *on notice*. That premise, of course, is consistent with *Boyd*'s conclusion "that the ninety-day period

- 16 -

described in section 766.106(3) should be computed from the date the putative defendant *receives* the notice of intent to initiate litigation." 627 So. 2d at 483-84. Lastly, *Bove*'s analysis is undermined by its erroneous suggestion that section 766.106(4) was amended post-*Boyd* to delete a reference to receipt of the presuit notice. *See Bove*, 196 So. 3d at 415 & n.6. No such amendment took place. In fact, from its original enactment in 1985—as former section 768.57(4)—section 766.106(4) has never, as *Bove* suggested, "refer[red] to notice of intent being received." *Id.* at 415 n.6.

Here, because respondents' primary argument for approving the decision below is centered on *Bove* and *Coffaro*, we reject respondents' argument. And we decline to address respondents' alternative arguments for why petitioner's claim should otherwise be dismissed, as those arguments are "outside the scope of the certified conflict." *C.N. v. I.G.C.*, 316 So. 3d 287, 292 (Fla. 2021); *see also Boyle*, 313 So. 3d at 675 n.1 (concluding that the same "alternate" arguments respondents advance here were not even "properly before [the Second District]").

- 17 -

## V

We hold that under section 766.106, Florida Statutes (2018), and Florida Rule of Civil Procedure 1.650, it is the timely mailing of the presuit notice of intent to initiate litigation, not the receipt of the notice, that begins the tolling of the applicable limitations period for filing a complaint for medical negligence. Accordingly, we quash the Second District's decision in *Boyle,* and we approve the certified conflict cases of *Zacker* and *Baxter* to the extent they are consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions

    Second District – Case No. 2D18-2932

    (Collier County)

J. Scott Murphy and Landis V. Curry III of Paul Knopf Bigger, PLLC, Winter Park, Florida,

    for Petitioner

Kirsten K. Ullman, Brian M. Bursa, and Jesse E. LeVine of Ullman Bursa Law, Tampa, Florida,

    for Respondents

Andrew S. Bolin of Bolin Law Group, Tampa, Florida,

    for Amici Curiae Florida Hospital Association and Florida Medical Association

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, Florida; and Wilbert R. Vancol of McEwan, Martinez, Dukes & Hall, P.A., Orlando, Florida,

    for Amicus Curiae Florida Defense Lawyers Association