PER CURIAM.
Maelee Wilder, the plaintiff in a medical malpractice action, appeals a final summary judgment entered in favor of the defendant, Hillsborough County Hospital Authority. We reverse because the undisputed facts recited in the final judgment do not support the trial court’s ruling that Wilder’s action was filed beyond the statute of limitations.
This case involves the interaction of various time periods pertaining to medical malpractice claims as set out in section 766.106, Florida Statutes (1993), and Florida Rule of civil Procedure 1.650. When read together and applied to the undisputed facts in this case, section 766.106 and rule 1.650 provide that once Wilder timely filed her notice of intent to initiate litigation, the statute of limitations was tolled as to any potential defendant for a period of ninety days after the defendant’s receipt of Wilder’s notice of intent. Wilder was then required to file her action within sixty days after the expiration of the ninety-day tolling period or within sixty days after the date on which Wilder received a written rejection of her claim, whichever was earlier.
Wilder sent her notice of intent to litigate on March 16, 1993, which tolled the limitations period for ninety days after receipt by the defendant. See Tanner v. Hartog, 618 So.2d 177, 183-84 (Fla.1993); Rhoades v. *618 Southwest Florida Regional Medical Ctr., 564 So.2d 1188 (Fla. 2d DCA 1989). If Wilder received no written rejection from the hospital, she then had another sixty days after expiration of the ninety-day tolling period in which to file suit. Because the record does not indicate the date on which the hospital received Wilder’s notice of intent to litigate, we cannot determine the exact date on which the ninety-day tolling period expired. However, we can determine that it could not be earlier than June 16, which was ninety days after the date the notice was mailed. Wilder filed her suit on August 12, 1993. Thus, if the sixty-day period is calculated from the expiration of the ninety-day tolling period, her suit was timely filed.
On the other hand, if Wilder did receive a written rejection from the hospital, the limitations period expired sixty days after the date she received the rejection notice. See Fla.R.Civ.P. 1.650(d)(3); Mason v. Bisogno, 633 So.2d 464 (Fla. 5th DCA), rev. denied, 641 So.2d 1345 (Fla.1994). It is undisputed that the hospital mailed a rejection letter dated June 3,1993, to Wilder. However, the letter was sent by regular mail instead of by certified mail, return receipt requested, as required by section 766.106(3)(c). It is also undisputed that Wilder received the letter but is uncertain as to the date on which she received it.
The trial court ruled that Wilder’s claim was barred by the statute of limitations. From our review of the transcript and the findings in the order granting summary judgment, it is clear that the trial court considered the date on which Wilder received the hospital’s written rejection to be the operative date for calculating the running of the sixty-day period within which Wilder had to file her suit. The problem with using this date is that it is unknown. While it may be a reasonable assumption that a letter dated June 3 was received by Wilder on or before June 12, this assumption does not establish, as an undisputed fact, the date Wilder received the rejection letter. Had the hospital complied with the statute, that date would have been established by the certified mail, return receipt documentation.
We hold that the trial court erred by inferring that Wilder received the hospital’s rejection letter on or before June 12 and by treating this inference as an undisputed fact. When ruling on a motion for summary judgment, the trial court must draw all reasonable inferences in favor of the non-moving party. See Cassoutt v. Cessna Aircraft Co., 660 So.2d 277 (Fla. 1st DCA 1995), rev. denied, 668 So.2d 602 (Fla.1996). Here, the trial court drew inferences in favor of the moving party. There being no date established as to when Wilder received the rejection letter, the sixty-day period should have been calculated from the expiration of the ninety-day tolling period which, as we have already observed, renders the suit timely filed.
Accordingly, we reverse and remand for further proceedings.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.