POLEN, Judge.
Appellant, plaintiff below in a dental malpractice suit, timely appeals from a summary *131 judgment entered in favor of defendant, Jay C. Green, D.D.S., on the ground that the medical malpractice statute of limitations had run. We reverse.
Appellant’s personal dentist advised him that he needed a root canal. Based upon this advice, appellant saw appellee on September 14 and 27, 1987 for the root canal procedure, which was performed in two parts. Shortly thereafter, appellant experienced problems with the tooth on which the root canal was performed. Upon consulting with appellee, appellant was advised that it was necessary to repair the problem “from the bottom up” with a separate procedure called an apicoec-tomy. On January 8, 1988, appellee performed the apicoectomy.
Appellant admitted in deposition that he knew the apicoectomy was performed to correct problems not solved by the root canal. However, immediately following the apicoec-tomy, appellant believed that appellee had resolved the problem. Moreover, according to appellant, he did not experience further problems until some time later, when he complained to his periodontist that his tooth bothered him again. The periodontist advised appellant that the apicoectomy was not properly performed and that he should return to appellee to have the problem corrected.[1] Rather than return to appellee, appellant saw another dentist.
On September 28, 1991, after the presuit discovery period, appellant filed his complaint for damages against appellee. On November 21, 1991, appellant filed an amended complaint. Appellee subsequently filed a motion for summary judgment on the ground that appellant’s claim was brought outside of the statute of limitations.[2] He claimed that the two-year statute had run on January 8, 1990. The trial court granted appellee’s motion for summary judgment and entered a final order accordingly.
Appellant contends that the trial court erred when it entered summary judgment in favor of appellee as to both procedures (the root canal and the apicoectomy), but argues in the alternative that even if summary judgment was proper as to the root canal, it was nevertheless improper as to the apicoectomy. We hold that under the instant facts, the grant of summary judgment was improper as to both procedures.
Summary judgments should be cautiously granted in negligence and malpractice suits. Further, “[a] summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Until recently, we were bound by the principle enunciated in Nardone v. Reynolds, 833 So.2d 25 (Fla.1976), which was that the statute of limitations on medical malpractice actions begins to run when the plaintiff knew or should have known that either the injury or the negligence had occurred. Id. at 32. However, in Tanner v. Hartog, 618 So.2d 177 (Fla.1993), the supreme court stated that it wanted “to ameliorate the harsh results which can sometimes occur by its [Nardone’s ] strict application.” Tanner, 618 So.2d at 181. On the new interpretation of the Nardone rule, the court wrote:
We hold that the knowledge of injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice. The nature of the injury, standing alone, may be such that it communicates the possibility of medical negligence, in which event the statute of limitations will immediately begin to run upon discovery of the injury itself. On the other hand, if the injury is such that it is likely to have occurred from natural causes, the statute will not begin to run until such time as there is reason to believe that medical malpractice may possibly have occurred.
*132 Id. 618 So.2d at 181-182. The court recognized that the above holding “would make it harder to decide as a matter of law when the statute begins to run and may often require a fact-finder to make that determination.” Id. at 182. Applying Tanner to the instant facts, we find that there is a genuine issue of material fact concerning when the medical malpractice statute of limitations began to run in this case. Accordingly, we reverse the summary judgment the trial court entered in favor of appellee as to both alleged incidents of malpractice, and remand for further proceedings consistent with this opinion.
GUNTHER and KLEIN, JJ., concur.

. The record is unclear as to the date this occurred.

. Section 95.11(4)(b), Florida Statutes (1991) provides in pertinent part that, ”[a]n action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence. ...”