LEVINE, J.
 

 The issue presented in this case is whether the trial court erred in granting summary judgment based on the determination that the appellant’s medical malpractice claim was time-barred by the statute of limitations. We find the trial court erred and should have allowed a jury to determine the timeliness of the appellant’s claim.
 

 On November 14, 1997, appellee Cooper performed a facelift and eyelid surgery on appellant Cohen. After the surgery, Cohen awoke to “excruciating pain” in her left eye, as well as severe pain in her jaw that prevented her from chewing. Cooper examined Cohen’s eye at that time and found no foreign object. On November 17, an ophthalmologist examined Cohen’s eye and found two sutures in her eyelid that had scratched her cornea and lacerated her lower eyelid. A few days later, Cooper told Cohen that her eyelid was probably damaged by a “retractor” that was used to hold her eyelid in place during the surgery. According to Cohen, Cooper claimed not to know that her eyelid required stitches. Cooper removed the stitches at that time. The eyelid did not heal, and on December 24, 1997, Cooper attempted to repair the eyelid surgically.
 

 Cohen continued to see Cooper for follow-up care for months after the initial surgery. During these visits, Cooper continued to assure her that it was a “slow recovery process,” that her pain was “normal,” and that “the dents that existed” on her face “would go away.” According to Cohen, not until September 1998 did she realize that Cooper had “somehow erred in the procedure on [her] face.”
 

 Cohen filed a ninety-day extension pursuant to section 766.104, Florida Statutes, on October 27, 1999. She then filed a notice of intent to initiate litigation on April 2, 2000, and filed a one-count complaint against Cooper on July 20, 2000. The single count of negligence consisted of claims regarding the eye and eyelid, as well as claims regarding facial scarring. Cooper moved for summary judgment, arguing that the claims were barred by the statute of limitations. The trial court granted the motion as to the claims concerning the eye and eyelid but found the timeliness of the facial scarring claims to be an issue of fact that should be determined by a jury. At the trial regarding the facial scarring, the trial court granted Cooper’s motion in limine to exclude all evidence regarding the eye and eyelid injury. A jury found in favor of Cooper.
 

 On appeal, Cohen raises three interrelated issues: whether the trial court erred in granting a partial summary judgment based on the statute of limitations and whether this issue should have been presented to a jury; whether the trial court’s granting a partial summary judgment im-permissibly split the appellant’s cause of action; and whether the trial court failed to comply with Florida Rule of Civil Procedure 1.510(d). We find the first issue to
 
 *455
 
 be dispositive of this appeal and do not reach the merits of the other arguments.
 

 The limitations period for a medical malpractice claim is governed by section 95.11(4)(b), Florida Statutes. The section states the following: “An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence.... ” We review the order granting summary judgment de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000);
 
 Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.,
 
 8 So.3d 1211, 1213 (Fla. 4th DCA 2009). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
 
 Volusia County,
 
 760 So.2d at 130. The facts must be “so crystallized that nothing remains but questions of law.”
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985). Further, “the court must draw every possible inference in favor of the non-moving party.”
 
 Edwards v. Simon,
 
 961 So.2d 973, 974 (Fla. 4th DCA 2007). Finally, “[sjummary judgments should be cautiously granted in negligence and malpractice suits.”
 
 Davis v. Green,
 
 625 So.2d 130, 131 (Fla. 4th DCA 1993).
 

 In
 
 Tanner v. Hartog,
 
 618 So.2d 177, 181 (Fla.1993) (footnote omitted), the Florida Supreme Court held that “the knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice.” The court recognized that its holding “will make it harder to decide as a matter of law when the statute begins to run and may often require a fact-finder to make that determination.”
 
 [1]
 

 Id.
 
 at 182.
 

 The fact that a plaintiff becomes aware of a medical condition “is not the same thing as knowledge that there was a reasonable possibility” that the plaintiff was injured through the malpractice of a doctor.
 
 Cunningham v. Lowery,
 
 724 So.2d 176, 178 (Fla. 5th DCA 1999). In
 
 Cunningham,
 
 a needle biopsy revealed that the plaintiffs husband was suffering from a staphylococcus infection. The husband subsequently died, and the plaintiff sued her husband’s spinal surgeon for malpractice. The doctor responded that the claim was barred by the statute of limitations, arguing that the diagnosis of the staphylococcus infection put the plaintiff on notice of a reasonable possibility of the doctor’s negligence. After the diagnosis, however, the same doctor continued to treat the husband. The Fifth District Court of Appeal found that the
 
 jury
 
 should decide whether the staphylococcus infection diagnosis was alone sufficient to trigger the limitations period. Similarly, in the instant case, Cooper argues that Cohen was aware of a reasonable possibility of physician malpractice on November 17, 1997, when the ophthalmologist found the two sutures in her eyelid which scratched her cornea. Like the plaintiffs husband in
 
 Cunningham,
 
 however, Cohen continued to seek treatment from the same doctor
 
 *456
 
 for a period of time after the suspected incident of malpractice.
 

 “Simply suspecting wrongdoing is not enough” when determining when the statute of limitations accrues.
 
 Thomas v. Lopez,
 
 982 So.2d 64, 68 (Fla. 5th DCA 2008). In
 
 Lopez,
 
 the physician performed a procedure on March 31, 2003, the results of which caused the patient’s guardian to confront the doctor on April 2, 2003. The
 
 Lopez
 
 court concluded that the statute of limitations did not commence with the plaintiffs suspicions that provoked the doctor-patient confrontation, nor did that level of suspicion compel the patient’s guardian to “scour the medical records, in the off chance that the health care provider did something wrong.”
 
 Id.
 
 The court concluded that “[t]he determination of when a person knew or reasonably should have known with the exercise of due diligence of the possibility of medical negligence is generally a question of fact.”
 
 Id.
 
 at 68. Moreover, the exercise of “due diligence” does not require that courts “impute sophisticated medical analysis to a lay person struggling with the fact of a crippling or horrifying illness.”
 
 Cunningham,
 
 724 So.2d at 179. As the court explained in that case, “too great is the faith laypersons place in their physicians for the law to impute a duty on them to investigate malpractice in every change in diagnosis or treatment.”
 
 Id.
 

 Courts throughout the state have held that the determination of timeliness under the statute of limitations is fact-specific and within the province of the jury, not the trial judge.
 
 See Davis,
 
 625 So.2d at 131 (holding that a question of fact existed as to whether knowledge of a complication from a root canal or advice from another dentist triggered the limitations period);
 
 see also Gonzalez v. Tracy,
 
 994 So.2d 402, 405 (Fla. 3d DCA 2008) (holding that pain after a medical procedure, standing alone, does not trigger the statute of limitations and creates a question of fact on the issue of notice);
 
 Rodriguez v. Saenz,
 
 866 So.2d 184, 187 (Fla. 5th DCA 2004) (holding that whether a second heart attack was sufficient notice to commence statute of limitations was an issue of fact and finding that “this is not a case where, for example, the wrong limb was amputated, and negligence would be obvious even to a person lacking medical sophistication”);
 
 Cascio v. St. Joseph Hosp. of Port Charlotte,
 
 734 So.2d 1099, 1100 (Fla. 2d DCA 1999) (holding that issue of whether a patient should have known of the possibility of the hospital’s negligence upon diagnosis with a condition was a question of fact, where the hospital told the plaintiff that his condition was “one of the possible complications” from his procedure);
 
 Higgs v. Fla. Dep’t of Corr.,
 
 654 So.2d 624, 628 (Fla. 1st DCA 1995) (holding that it was a question of fact whether the limitations period began when the plaintiff first learned of the nature of his injury or when the plaintiff first suspected medical negligence).
 

 In this case, Cohen claims that Cooper assured her of a recovery, albeit a slow recovery. “This in part embodies an estoppel concept: Medical providers or their agents who convince patients that an untoward medical event was ‘natural’ and non-negligent will rarely be permitted to deny that same representation is correct for purposes of statutes of limitation.”
 
 Cunningham,
 
 724 So.2d at 180. As a result of Cooper’s assurances that Cohens eye condition would improve, Cooper cannot now claim that Cohen should have known three days after the initial surgery that her pain was the result of his negligence.
 

 The parties have presented conflicting evidence as to the date on which Cohen should have known of a reasonable possi
 
 *457
 
 bility that her eye pain was the result of medical negligence. Cooper highlights Cohen’s deposition and her early concerns with her eye, as well as the information relayed to Cohen by the ophthalmologist. In opposition, Cohen highlights Cooper’s assurances that her pain was a natural part of a slow recovery process and that she continued to seek medical treatment from Cooper well after she first suspected malpractice. As a clear issue of fact exists as to the date on which the limitations period accrued, the determination of that date should be made by a jury.
 

 We reverse the trial court’s entry of partial summary judgment and remand for further proceedings related to Cohen’s eye injuries.
 
 [2]
 

 Reversed and remanded.
 

 WARNER and FARMER, JJ., concur.
 

 [1]
 

 . We wish to emphasize our belief that the gravamen of this inquiry is not whether the plaintiff knew that negligence was possible but whether a
 
 reasonable
 
 person should have known that negligence was a possible cause of the injury.
 
 See, e.g., Scheman-Gonzalez v. Saber Mfg. Co.,
 
 816 So.2d 1133, 1139-40 (Fla. 4th DCA 2002) (noting in the context of a products liability case that issues of reasonableness are generally "questions of fact which are best left to the jury”).
 

 [2]
 

 . We leave undisturbed the jury’s verdict and resulting entry of judgment as to the appellant's facial injuries, as we are unpersuaded as to the prejudicial effect of the trial court's entry of summary judgment of the appellant's eye and eyelid injuries on the trial of the facial injuries.