DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CONGRESS PARK LIMITED PARTNERSHIP,**
Appellant,

v.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,**
Appellee.

No. 4D14-1516

[June 17, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502010CA027128XXXXMB.

Arnold R. Ginsberg of Arnold R. Ginsberg, P.A., Miami, and Mark Mintz of Mintz Truppman, P.A., North Miami, for appellant.

Darryl L. Gavin of Rumberger, Kirk & Caldwell, Orlando, and William Krekstein of Nelson Brown & Co., Blue Bell, Pennsylvania, for appellee.

PER CURIAM.

The appellant, Congress Park Limited Partnership ("the Plaintiff"), appeals the summary judgment entered in favor of the appellee, Certain Underwriters At Lloyd's, London ("the Defendant"). Because we agree with the Plaintiff that there was a genuine issue of material fact precluding the trial court from basing summary judgment on the statute of limitations, we reverse.

In 2012, the Plaintiff sought a declaratory judgment related to an insurance contract it entered into with the Defendant. Among other things, the Plaintiff alleged that the Defendant had not provided a copy of the complete policy even though such was requested in discovery. The Defendant moved for summary judgment, arguing that "endorsement 10" to the policy provided that Texas law controlled the dispute, and that the Texas statute of limitations barred the suit. The trial court agreed with the Defendant and entered summary judgment in favor of the Defendant.

The parties do not dispute that the suit is time-barred under the

Texas statute of limitations but the Plaintiff insists that endorsement 10 was not actually a part of the policy. The Plaintiff also argues that if endorsement 10 is included in the policy, it is ambiguous and does not elect Texas law. Finally, the Plaintiff asserts that the forum state's statute of limitations must apply.

Without further discussion on the issues, we reject the Plaintiff's arguments that the language of endorsement 10 (if it was included in the subject policy) does not constitute a choice of law provision, and that even if the provision elected Texas law, Florida's statute of limitations should have been applied. However, we agree the trial court should not have based summary judgment on the Texas statute of limitations where the record was muddled on the issue of whether the choice of law provision was actually contained in the insurance policy. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 643 (Fla. 1999) ("It is a well-settled principle of Florida jurisprudence that summary judgment should not be granted unless the facts are so clear and undisputed that only questions of law remain.").

Here, the record indicates there were at least three versions of the policy before the trial court, one of which did not contain endorsement 10. The Defendant provided two versions of the policy to the court, both of which contained endorsement 10. However, one policy contained pages that the other did not. Clearly, the Plaintiff demonstrated that there was a genuine issue of material fact, namely whether the policy contained the choice of law provision as contained in the purported endorsement 10. When there are factual issues that must be resolved in order to apply the statute of limitations, summary judgment is inappropriate. *See Cohen v. Cooper*, 20 So. 3d 453, 457 (Fla. 4th DCA 2009) (finding summary judgment was improper where there was a factual issue regarding when the cause of action accrued and the statute began running).

*Reversed and remanded for further proceedings.*

CIKLIN, FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2