NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GINA MARIE BOVE, as Personal            )
Representative of the Estate of Anthony )
Bove, deceased,                         )
                                        )
                Appellant,              )
                                        )
v.                                      )        Case No. 2D15-1680
                                        )
NAPLES HMA, LLC, d/b/a PHYSICIANS       )
REGIONAL MEDICAL CENTER-PINE            )
RIDGE; E. WILLIAM AKIN, M.D.; and       )
JAY WANG, M.D.,                         )
                                        )
                Appellees.              )
_____)


Opinion filed April 1, 2016.

Appeal from the Circuit Court for Collier
County; Hugh D. Hayes, Judge.

Joseph A. Davidow and Michael A. Price
of Willis & Davidow, L.L.C., Naples, for
Appellant.

Shelley H. Leinicke of Wicker, Smith,
O'Hara, McCoy & Ford, P.A., Ft.
Lauderdale, for Appellee Naples HMA,
LLC, d/b/a Physicians Regional Medical
Center-Pine Ridge.

Jason M. Azzarone and Louis J. LaCava
of LaCava & Jacobson, P.A., Tampa, for
Appellee E. William Akins, M.D.

Eric F. Ochotorena and Meghan
Whisenhunt of Rissman, Barrett,
Hurt, Donahue & McLain, P.A.,
Tampa, for Appellee Jay Wang, M.D.

MORRIS, Judge.

Gina Marie Bove, as personal representative of the estate of Anthony Bove, appeals a final judgment entered in favor of Naples HMA, LLC, d/b/a Physicians Regional Medical Center-Pine Ridge, Dr. E. William Akins, and Dr. Jay Wang in Mrs. Bove's medical negligence action. For the reasons we explain, we conclude that Mrs. Bove's complaint was untimely because she did not file it within two years of when she became aware of the possibility that medical negligence occurred. We therefore affirm.

## I. BACKGROUND

The underlying medical negligence action arose after Mr. Bove died on February 26, 2012, after suffering a retroperitoneal bleed following a bone marrow biopsy performed by Dr. Akins at the direction of Dr. Wang. Both Dr. Akins and Dr. Wang are physicians at Physicians Regional Medical Center-Pine Ridge (Physicians). After the bleed was discovered, Mr. Bove was evaluated by another physician who concluded that the bleed was a co-morbid condition acting in conjunction with other underlying medical issues.

On April 19, 2012, Mrs. Bove met with Dr. Akins to review what had occurred during the bone marrow biopsy.[1] On July 10, 2012, Mrs. Bove met with her attorney. On February 2, 2014, and again on February 23, 2014, Mrs. Bove received

---

[1]Mrs. Bove made this factual assertion in her initial brief though she provided no record citation. This fact was not challenged by the appellees.

copies of letters from two medical experts who concluded that Mr. Bove's death was caused by the retroperitoneal bleed and that the bone marrow biopsy caused the bleed.

On February 25, 2014, Mrs. Bove, via certified mail, served Physicians with a copy of the notice of intent to pursue litigation, along with Mr. Bove's medical records and the two letters from Mrs. Bove's medical experts. Notably, however, Physicians did not receive the notice of intent until March 4, 2014. Mrs. Bove provided affidavits executed by the two experts to Physicians on March 17, 2014. The notice stated that "the two (2) year timeframe [in which to file the complaint] would begin to run from the date of Mr. Bove's death, as this was the date the family and estate of Mr. Bove discovered the negligence of the professionals of Physicians Regional in performing the bone marrow biopsy."

Mrs. Bove served a notice of intent on Dr. Wang on May 12, 2014, and he received it on May 19, 2014. She served a notice of intent on Dr. Akins on June 11, 2014, but he did not receive it until June 16, 2014.[2] The notices sent to Drs. Wang and Akins did not contain any specific details as to when Mrs. Bove learned of any purported negligence attributed to Drs. Wang or Akins. Rather, the notices requested that Drs. Wang and Akins refer to the averments made in the notice of intent that was served on Physicians (copies of which were attached).

In the interim, Mrs. Bove filed petitions for extensions of the statute of limitations, with the first petition being filed April 30, 2014. After receiving denials of the notices of intent from all of the appellees, Mrs. Bove filed her complaint on September 8, 2014. Physicians, Dr. Wang, and Dr. Akins all filed motions to dismiss. Mrs. Bove

---

[2]Mrs. Bove emailed the expert affidavits to Dr. Wang on June 12, 2014, but she served the affidavits with the notice of intent on Dr. Akins on June 11, 2014.

filed responses to all of the motions to dismiss, and a hearing was conducted. Ultimately, the trial court granted the motions to dismiss with prejudice solely on the basis that Mrs. Bove failed to file her complaint within the two-year statute of limitations set forth in section 95.11(4)(b), Florida Statutes (2011).[3]

## II. ANALYSIS

This court reviews a dismissal of a complaint de novo. See Brooke v. Shumaker, Loop & Kendrick, LLP, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002).

Mrs. Bove contends that she did not learn of the appellees' possible negligence until July 10, 2012, when she met with her attorney for the first time and,[4] therefore, that the statute of limitations did not begin to run until that date. However, she also asserts that because she filed motions for extensions of the two-year statute of limitations set forth in section 95.11(4)(b), her September 8, 2014, complaint was timely.

Section 95.11(4)(b) provides in relevant part:

> An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday.

[3]Because the trial court determined the complaint was untimely, it declined to address the other issues raised by the appellees in their motions to dismiss.

[4]The fact that Mrs. Bove met with Dr. Akins on April 19, 2012, to discuss what had occurred during the bone marrow biopsy suggests to us that Mrs. Bove might have been concerned about the possibility of medical negligence as a contributing factor in her husband's death as of that date, rather than on the date that she first met with her attorney. However, because we conclude, as explained herein, that she is bound by the assertion made in her notice of intent, the issue of what knowledge she had in April 2012 is not dispositive.

Mere knowledge of an injury is not enough to trigger the running of the statute of limitations; rather, a plaintiff must also have "knowledge that there is a reasonable possibility that the injury was caused by medical malpractice." Tanner v. Hartog, 618 So. 2d 177, 181 (Fla. 1993) (footnote omitted).

While we can foresee circumstances in which the type of incident that Mr. Bove experienced—a retroperitoneal bleed—might not be the obvious result of medical negligence, Mrs. Bove is not entitled to relief under the facts of this case. This is because, in her notice of intent served on Physicians, her attorney acknowledged that on the date of Mr. Bove's death (February 26, 2012), "the family and estate of Mr. Bove discovered the negligence of the professionals of Physicians Regional in performing the bone marrow biopsy." Mrs. Bove argues that she should not be bound by her attorney's statement in the notice of intent because it was not evidence. Indeed, she points to her own affidavit, which she filed in response to the appellees' motions to dismiss, wherein she stated that she did not become aware of any possible medical malpractice until she met with her attorney in July 2012. But generally, parties are bound by the allegations in their pleadings, see Hart Props., Inc. v. Slack, 159 So. 2d 236, 238 (Fla. 1963), and within the context of judicial proceedings, "litigants are not permitted to take inconsistent positions," Federated Mut. Implement & Hardware Ins. Co. v. Griffin, 237 So. 2d 38, 41 (Fla. 1st DCA 1970). The fact that the notice of intent was not a pleading or that the judicial proceedings had not yet begun in this case is not dispositive. The service of the notice of intent was a statutory prerequisite to filing suit,[5] and it contained factual allegations relied on by the parties. Consequently, Mrs. Bove was bound by the

---

[5]See § 766.106(2)(a), Fla. Stat. (2013).

assertion contained within her notice of intent that she first became aware of the appellees' possible negligence on February 26, 2012. As a result, Mrs. Bove was required to serve her notices of intent no later than February 26, 2014.

Mrs. Bove argues that even if the statute of limitations expired on February 26, 2014, her complaint was timely filed because she not only served her first notice of intent on February 25, 2014, but also because she petitioned for extensions of the statute of limitations period. She relies on section 766.106(4), Florida Statutes (2013), to argue that because she served her notice of intent on Physicians prior to the expiration of the statute of limitations, the limitations period was tolled.

Section 766.106(4) provides that during the ninety days following service of a notice of intent, the statute of limitations is tolled as to all potential defendants. However, Florida Rule of Civil Procedure 1.650(b)(1), which deals with medical malpractice presuit screening requirements, provides in relevant part that "[n]otice of intent to initiate litigation *sent by certified mail to and received by* any prospective defendant shall operate as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice." (Emphasis added.) And rule 1.650(d)(1) provides in relevant part that "[t]he notice of intent to initiate litigation shall be served by certified mail, *return receipt requested*, prior to the expiration of any applicable statute of limitations." (Emphasis added.) Thus we conclude that because the rule refers to the receipt of notice and requires that the notice be sent by certified mail, it is the date that the notice is received—rather than the date that the notice is mailed—that is relevant for purposes of determining whether the statute of limitations has been tolled. Our interpretation of the rule is strengthened by

case law interpreting section 766.106 which has likewise focused on the receipt of notice. Cf. Hillsborough Cty. Hosp. Auth. v. Coffaro, 829 So. 2d 862, 866 (Fla. 2002) (discussing various tolling and extension periods for statute of limitations purposes in medical malpractice cases and explaining that "[f]or purposes of the statutory scheme, the date [that the defendants] received the notice of intent is the date used in computing statutory time requirements"); Boyd v. Becker, 627 So. 2d 481, 483 (Fla. 1993) (analyzing both sections 766.106(3) and 766.106(4), Florida Statutes (1989), to conclude that although subsection (3) referred to a notice being mailed, the reference in subsection (4) to a notice being received meant that the ninety-day investigation period addressed in subsection (3) "should be computed from the date the putative defendant *receives* the notice of intent").[6]

Here, although Mrs. Bove sent the notice of intent to Physicians on February 25, 2014, one day before the statute of limitations expired, Physicians did not receive the notice of intent until March 4, 2014. And Drs. Wang and Akins received the notice of intent even later. Because none of the appellees received the notice of intent until after the statute of limitations expired on February 26, 2014, the statute of

---

[6]We acknowledge that the 2013 version of section 766.106(4) applicable in this case does not refer to notice of intent being received. Rather, it refers to notice of intent being served within the time limits of section 95.11. However, the change in the language used in section 766.106(4) does not persuade us that the legislature, in amending section 766.106, or the Florida Supreme Court, in drafting rule 1.650, intended for service of notice of intent to be perfected upon mailing, rather than upon receipt. Using the date of mailing would result in a shortening of the ninety-day investigation period afforded to defendants in medical malpractice actions. See § 766.106(3)(a). And there is no indication that such a result was intended. Rather, the continued requirement of service of the notice of intent through certified mail, return receipt requested, in section 766.106 in addition to the rule's reference to notice being received by a defendant convinces us that it is the date of receipt that begins the tolling period.

limitations expired, and Mrs. Bove could not revive it by filing a petition for extension of the limitations period.  See § 766.104(2) (permitting the extension of statute of limitations period upon petition, but providing that "[t]he provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run").

Mrs. Bove makes the alternative argument that the issue of when she discovered the appellees' possible medical malpractice was an issue of fact that should have been decided by a jury rather than by the trial court and, therefore, that the trial court erred by ruling on the issue of the timeliness of her complaint.

In a typical medical malpractice action, this argument might have merit due to the inherent difficulties in determining when a plaintiff was not only aware of the injury but also aware that there was a reasonable possibility that the defendant's medical malpractice caused the injury.  The Florida Supreme Court has recognized that in such cases, it may be difficult to decide as a matter of law when the statute of limitations begins to run and the issue may be better left for the fact-finder.  See Tanner, 618 So. 2d at 182.  Thus in a case where there is no admission by a plaintiff as to when they became aware of possible negligence, the question of when the limitations period begins to run is inherently less susceptible of a pretrial disposition.  See Cohen v. Cooper, 20 So. 3d 453, 456 (Fla. 4th DCA 2009) ("[T]he determination of timeliness under the statute of limitations is fact-specific and within the province of the jury, not the trial judge."); Cunningham v. Lowery, 724 So. 2d 176, 180-81 (Fla. 5th DCA 1999) (holding that jury should decide whether what plaintiff knew when her husband's infection was diagnosed was enough to conclude that the statute of limitations had

expired when the suit was filed); <u>Davis v. Green</u>, 625 So. 3d 130, 132 (Fla. 4th DCA 1993) (holding that there was a genuine issue of material fact concerning when the medical malpractice statute of limitations began to run).

But here, we have an admission by the plaintiff, Mrs. Bove, that she became aware of the appellees' possible medical malpractice on the date of her husband's death. The issue of whether Mrs. Bove should be bound by her admission was one of law, and as we have already explained, the trial court properly determined that she was bound by that admission. As a result of that determination, the date of her knowledge of the appellees' possible negligence had been established, and there were no other factual disputes to be resolved. Rather, the only remaining issues were whether service of the notice of intent was accomplished when the notice was mailed or received and whether Mrs. Bove's petitions for extensions of time tolled the limitations period. But again, those were issues of law. Consequently, we conclude that the trial court was free to decide the issue of the timeliness of her complaint as a matter of law.

### III. CONCLUSION

We hold Mrs. Bove was bound by her admission in her notice of intent that she became aware of the appellees' possible medical malpractice on February 26, 2012, and, that as a result, the trial court properly determined the issue of the timeliness of her complaint. We also hold that because her notice of intent was not received by any of the appellees prior to the expiration of the statute of limitations on February 26, 2014, the limitations period was not tolled and her complaint was untimely filed. We therefore affirm.

Affirmed.

LaROSE and SALARIO, JJ., Concur.