# Third District Court of Appeal
## State of Florida

Opinion filed March 29, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1945
Lower Tribunal No. 13-37232

————————————

**Israel Reyes, etc., et al.,**
Appellants,

vs.

**Baptist Health South Florida Foundation, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Diez-Arguelles & Tejedor, P.A., Carlos R. Diez-Arguelles, and Maria D. Tejedor (Orlando); Link & Rockenbach, PA, and Kara Rockenbach Link, and Daniel M. Schwarz (West Palm Beach), for appellants.

Falk, Waas, Hernandez, Solomon, Mendlestein & Davis, P.A., Scott E. Solomon, Paige I. Saperstein, and Jessica M. Hernandez; Spector Rubin, P.A., Spencer J. Wellborn, and Andrew R. Spector; Foley & Mansfield, PLLP, Mary J. Street, Viviana Varela, and Kevin O'Connor; Lubell Rosen, LLC and Julia M. Ingle (Ft. Lauderdale), for appellees.

Before FERNANDEZ, C.J., and HENDON, and GORDO, JJ.

FERNANDEZ, C.J.

Israel Reyes, guardian ad litem for S.G., Michelle Coffey-Garcia, and Jose M. Garcia, individually and on behalf of S.G., a minor, (collectively, "Garcia") appeal the trial court's final summary judgment order entered in favor of Baptist Health South Florida Foundation, Inc., D/B/A South Miami Hospital; South Florida Perinatal Medicine, P.L.; Jorge L. Gomez, M.D.; Anthony Lai, M.D.; Pavillion for Women's Care, LLC; Clarissa Carbo, C.N.M.; Scott J. Dunkin, D.O.; Eric S. Runyon, D.O.; and Kendall Healthcare Group, Ltd., D/B/A Kendall Regional Hospital (collectively, "Baptist"). Because there is a genuine issue of material fact as to when the statute of limitations began to run based on Garcia's knowledge of a reasonable possibility of medical malpractice, we reverse the trial court's final summary judgment order in favor of Baptist and remand for further proceedings consistent with this opinion.

This complex medical malpractice case concerns a child born in 2005 with a neurological injury allegedly due to the negligent actions of Baptist. The facts of this case are strikingly similar to our opinion in Mobley v. Homestead Hospital, Inc., 291 So. 3d 987, 991 (Fla. 3d DCA 2019). As in Mobley, Garcia, specifically the mother of S.G., was initially told that the baby

was developing normally, and later when symptoms developed, no medical professional informed her that medical malpractice may be to blame for S.G.'s developmental issues. Garcia claims that the first time she had knowledge of a reasonable possibility of medical malpractice was in 2012 when S.G.'s doctor recommended she look into the details of S.G.'s birth in context of S.G.'s cerebral palsy diagnosis. As a result of receiving this medical opinion, Garcia filed a medical malpractice suit in 2013. Prior to suit being filed and the 2012 doctor's visit, Garcia had filed a petition for extension in 2008 along with a request for medical records pursuant to the medical malpractice statute. As in Mobley, Baptist moved for summary judgment claiming that these filings commenced the running of the statute of limitations that had lapsed prior to filing the action. Similar to the trial court's holding in Mobley, the trial court granted summary judgment in favor of Baptist finding that the statute of limitations began to run in 2008 when Garcia filed the petition for extension pursuant to section 766.104(2), Florida Statutes (2008), and not from the 2012 doctor's visit. The trial court found the filing of the petition to be sufficient evidence to establish Garcia's knowledge of a reasonable possibility of medical malpractice. On this basis, the trial court held that the action was time barred. Garcia appealed.

We review an order granting summary judgment *de novo*. <u>Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000).

The main issue before this Court concerns the date on which Garcia knew that there was a reasonable possibility that S.G.'s injuries were caused by medical malpractice. This date is when the statute of limitations began to run pursuant to section 95.11(4)(b), Florida Statutes (2005). In addressing this same issue, this Court in <u>Mobley</u> relied heavily on the Florida Supreme Court's opinion in <u>Tanner v. Hartog</u>, 618 So. 2d 177 (Fla. 1993), which held:

> We hold that the knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice.
> . . .
> [I]f the injury is such that it is likely to have occurred from natural causes, the statute will not begin to run until such time as there is reason to believe that medical malpractice may possibly have occurred.

<u>Mobley</u>, 291 So. 3d at 990 (quoting <u>Tanner</u>, 618 at 181-82). "Florida courts have held that this determination of when a person knew or reasonably should have known of the possibility of medical malpractice is 'fact-specific and within the province of the jury, not the trial judge.'" <u>Id.</u> at 991 (quoting <u>Cohen v. Cooper</u>, 20 So. 3d 453, 456 (Fla. 4th DCA 2009)).

The trial court, finding the 2008 petition legally significant, attributed knowledge of a reasonable possibility of medical malpractice to Garcia and

4

granted summary judgment on this basis. However, even if Garcia suspected wrongdoing by Baptist at the time the petition was filed, "[s]uspected wrongdoing has been held not to be enough," Id. and "[t]he mere fact that a plaintiff becomes aware of a medical condition or suspects some wrongdoing is not sufficient to determine when the statute of limitations accrues." Id. at 990 (quoting Cohen, 20 So. 3d at 455-56).

Garcia claims that she did not have knowledge of a reasonable possibility of medical malpractice until the 2012 doctor's visit because, prior to this day, every medical professional suspected natural causes. Baptist argues on appeal that a medical professional's opinion is not necessary to establish knowledge. However, to this point, this Court stated in Mobley:

> It is difficult to envision how a layperson can be charged with knowledge that particular symptoms suggest an act of negligence when medical professionals, who scrutinize the case with the clarity of hindsight, conclude that the symptoms are the product of unexplained, natural causes.
> ...
> Though [the patient's] suspicions might have been mounting throughout the period following his surgery, this alone does nothing to pinpoint, as a matter of law, a definitive start date for the commencement of the running of the statute. This is a question for the jury, not appropriate for summary judgment.

Id. at 991 (quoting Baxter v. Northrup, 128 So. 3d 908 (Fla. 5th DCA 2013)).

In Mobley, this Court was not convinced that a request for medical records pursuant to section 766.204, Florida Statutes (2009), was a definitive

5

indicator of knowledge, when Mobley did not receive a medical opinion suggesting medical malpractice until years later. This Court thus concluded, "Because there remained a genuine issue of material fact as to when Mrs. Mobley acquired knowledge that there was a reasonable possibility that Tavarion's injuries were caused by medical malpractice, the trial court improperly granted summary judgment in the Homestead Hospital's favor."[1]

Id. In coming to this conclusion, the Mobley Court stated,

> [W]e are unable to find a case in Florida that stands for the proposition that contacting an attorney who then files a section 766.204 letter to request medical records satisfies the standard articulated in Tanner for determining when a statute of limitations begins to run in a medical malpractice case; that is, when the plaintiff possesses knowledge of a reasonable possibility of medical malpractice.

Id. The same stands true in the present case within the context of a section 766.104(2) petition. As a basis for summary judgment, it is not enough for a court to merely speculate that the party had knowledge because he or she filed a petition or a request for medical records pursuant to Chapter 766. As this Court affirmed multiple times, the question of knowledge is fact-specific and a matter for the jury. Id.

---

[1] Though Mobley was decided under the old summary judgment standard, we find that the outcome of the case would have been the same today under the new standard.

Because there is a genuine issue of material fact as to when the statute of limitations began to run based on Garcia's knowledge of a reasonable possibility of medical malpractice, we reverse the trial court's final summary judgment order in favor of Baptist and remand for further proceedings consistent with this opinion.

Reversed and remanded.